# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKA PAEZ fka ERICKA KORB,<br><br>                            Plaintiff,<br><br>   v.<br><br>THE UNITED STATES GOVERNMENT, governmental entity,<br><br>                            Defendant. | Case No. 19-cv-1836-BAS-AHG<br><br>**ORDER PROVISIONALLY DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*** <br><br>**[ECF No. 2]** |

On September 24, 2019, Plaintiff Ericka Paez, proceeding *pro se*, commenced this action against the United States under the Federal Tort Claims Act. (ECF No. 1.) The same day, Plaintiff also filed an application seeking leave to proceed without prepaying fees or costs, also known as proceeding *in forma pauperis* ("IFP"). (ECF No. 2.) For the reasons discussed below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's application to proceed IFP.

Under 28 U.S.C. § 1915, an indigent litigant who is unable to pay the fees required to commence a legal action may petition a court to proceed without making such prepayment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's

requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "[*i*]*n forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Having read and considered Plaintiff's application, the Court finds that Plaintiff fails to meet the requirements for IFP status under 28 U.S.C. § 1915. Most notably, considering the total monthly income and cash-on-hand figures provided by Plaintiff, it appears that Plaintiff has a net monthly income of $1,400 even after accounting for all average monthly

expenses enumerated in the application. Further, Plaintiff attests that she expects her monthly income of $2,583 to more than double next month to $6,000. (ECF No. 2 at 1.) She also attests that, in addition to a daughter and son, she supports a stepson for whom she has 50% custody but does not indicate whether she receives or makes any child support payments. (*Id.* at 1, 3, 4.)

Plaintiff notes that she expects major changes to her financial situation over the next 12 months but failed to explain her reasons on an attached sheet as instructed. (*Id.* at 5.) Plaintiff also does not specify the monthly expense of the "significant uninsured medical expenses" incurred over the past two years and does not indicate whether the $25,000 in credit card debt requires payments over-and-above the $1,200 monthly installment payment indicated on her application. (*Id.* at 4–5.) As such, the Court cannot evaluate how these additional expenses would factor into the analysis of her ability to prepay the $400 filing fee. *See McQuade*, 647 F.2d at 940.

The Court therefore finds, on the facts presented, that Plaintiff has the means to prepay the required filing fee even without acceptable sacrifices to other expenses. Plaintiff's IFP application does not indicate that requiring Plaintiff to pay the required $400 fee would impair her ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339. Therefore, the Court finds that Plaintiff does not satisfy the requirements to proceed IFP.

In light of the foregoing, the Court **DENIES** Plaintiff's application to proceed IFP **WITHOUT PREJUDICE**. (ECF No. 2.) To proceed IFP, Plaintiff must refile the IFP application and include more specific information regarding the aforementioned sources of income and monthly expenses.

**IT IS SO ORDERED.**

DATED: September 27, 2019

Hon. Cynthia Bashant
United States District Judge

- 3 -

19cv1836